09-01196-A
COMPLAINT
PLAINTIFF: JOSEPH CARONE
DEFENDANT: ORLEY WEAVER
JUDGE: HON. W. RIMEL
RELATED CASE: 09-14004

FILED 8/18/09 - 2:29 PM
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION    tsef
RECEIPT NO: 1-9-012672 $250.00

1  Thomas F. Nowland  SBN 236824
   Craig R. Holiday SBN 222803
2  **LAW OFFICES OF THOMAS F. NOWLAND**
   4600 Campus Drive Suite 103
3  Newport Beach, California 92660
   Telephone: (949) 221-0005
4  Facsimile: (949) 221-0003
   Email: tom@nowlandlaw.com
5
   Attorneys for:
6  Joseph A. Carone, As Trustee For The Joseph A. Carone
   Trust U/D/T December 23, 1985
7

8                  UNITED STATES BANKRUPTCY COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11

12 | In re:                                    | Case Number: 09-14004-A-7
                                                 Chapter 7
13 | ORLEY K. WEAVER,
                                                 Adv. Case Number:
14 | Debtor.
                                                 Honorable Whitney Rimel
15 |_____

16 | JOSEPH A. CARONE, AS TRUSTEE FOR
     THE JOSEPH A. CARONE TRUST U/D/T
17 | DECEMBER 23, 1985,

18 |              Plaintiff,

19 | vs.

20 | ORLEY K. WEAVER,

21 |              Defendant.

22

23

24           **COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

25                    **AND OBJECTION TO DISCHARGE**

26                 [11 U.S.C. §§523(a)(2)(A), 523(a)(2)(B)]

27

28

                                    - 1 -

Joseph A. Carone, As Trustee For The Joseph A. Carone Trust U/D/T December 23, 1985, ("Plaintiff"), hereby complains of Defendant Debtor Orley K. Weaver ("Defendant"), to determine dischargeability of debt and objection to discharge and alleges as follows:

### JURISDICTION AND VENUE

1. Defendant has commenced the above-referenced bankruptcy proceeding by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code ("11 U.S.C. of the Bankruptcy Code") on May 1, 2009.

2. Jeffrey M. Vetter is the duly appointed and acting Chapter 7 Trustee herein.

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue of the Debtor's Chapter 7 case and this Motion in this district is proper pursuant to 28 U.S.C. §1409.

5. This is a core proceeding under 28 U.S.C. sections 157(b)(2)(A) and 157(b)(2(I).

6. The statutory predicates for the relief sought herein are pursuant to 11 U.S.C. §§523(a)(2)(A), 523(a)(2)(B).

### GENERAL ALLEGATIONS

7. On May 1, 2009, Defendant filed his voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code. Plaintiff is listed under Schedule "F" – Creditor's Holding Unsecured Non-Priority Claims, as a creditor under the name "Joe Carone." The debt is listed as a "personal loan," in the amount of $240,000.00.

8. Plaintiff is an individual investor who occasionally makes private short term secured loans from his trust to real estate investors. He is not a wealthy person and the origins of the funds he uses to make real estate loans came from a small inheritance from his family. His involvement with Defendant and the subsequent loan is a result of the settlement of a separate prior loan which involved Defendant's attorney/accountant Machiavelli W. Chao, Esq.

- 2 -

9. Prior to the filing of his petition, the Defendant, Orley K. Weaver, claimed he was in the business of building self storage units and needed a "bridge loan," to cover costs on a new project pending the closure of escrow on two existing projects. Defendant employed the services of attorney/accountant Chao to induce Plaintiff to make him a bridge loan of $200,000.00, which was to be paid back in three months. The inducements included promises of security in two of Defendant's self storage projects and a second trust deed on Defendant's Irvine California home. Each time Plaintiff made further inquiries into each of these security promises, the story changed. Finally, Plaintiff agreed to provide the loan if the security included payment from the proceeds of the escrow accounts of the two self storage projects and a second trust deed on a home located at 14 Rockwren, Irvine, California. The home was represented as being owned by Defendant's business partner, one Kenneth Burgess.

10. Based on these promises, on or about June 18, 2007, Plaintiff wire transferred the sum of $200,000.00 to the trust account of Machiavelli W. Chao who then forwarded that sum directly to Defendant. On or about June 19, 2007, Machiavelli W. Chao forwarded via federal express, a promissory note and Assignment Of Deed Of Trust And Assignment Of Rents, to Plaintiff.

11. The Assignment Of Deed Of Trust And Assignment Of Rents was not the second trust deed as promised, it was actually an assignment of one half of a Deed of Trust for a $500,000.00 loan from Defendant to one Sandralei Burgess which was in third position. By the time Plaintiff realized that he did not in fact have the security of a second trust deed, nor escrow instructions ordering payment at the close of escrow on the two self storage projects, it was too late. The money had already been transferred.

12. Defendant defaulted immediately. Full payment was due on September 17, 2007. When Plaintiff called Machiavelli W. Chao to inquire, he was given a check for $10,000.00. To date he has not received any further payment.

13. When Plaintiff attempted to seek payment through the Assignment Of Deed Of Trust And Assignment Of Rents, he learned the document was unenforceable because it did not grant him the right of sale to the property.

14. On November 8, 2007, Plaintiff filed a lawsuit against Defendant and his attorney/accountant, in Orange County Superior Court, Styled: Joseph A. Carone v. Machiavelli W. Chao, et al., OCSC Case No. 07CC11793. The lawsuit seeks relief for Fraud, Negligent Representation, Breach of Contract, Money Had and Received, Conversion, Breach of Fiduciary Duty, Professional Negligence, Constructive Trust, and Declaratory Relief.

15. On January 16, 2008, Plaintiff filed a First Amended Complaint in the matter changing the Plaintiff's name from Joseph A. Carone to Joseph A. Carone, As Trustee For The Joseph A. Carone Trust U/D/T December 23, 1985.

16. The claims asserted in the lawsuit allege Defendant made intentional false promises which were conveyed by his attorney/accountant to Plaintiff in order to induce Plaintiff to wire transfer $200,000.00 to Defendant's account.

17. This litigation has been ongoing since November 2008. During that period, Defendant has failed to cooperate by refusing to provide discovery and refusing to show up at scheduled depositions. Despite court orders that he do so, he as failed and continued to refuse to cooperate up to the time he filed his petition.[1]

18. Trial had been set in this matter and continued twice. Trial is currently set for October 19, 2009.

## FIRST CLAIM FOR RELIEF
### (11 U.S.C. § 523(a)(2)(A))

19. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 18, inclusive as if fully set forth hereto.

20. Defendant made representations, on or about June of 2007, through attorney/account Machiavelli W. Chao, to Plaintiff, that he needed a bridge loan in the amount of $200,000.00 to fund a real estate project and that the bridge loan would be paid back in three months from proceeds currently in escrow on the pending sale of a self storage real estate

---

[1] It should be noted that all during the subject litigation, Debtor represented to the court that he lived in El Salvador and could not participate because of the distance. It is curious that he now lists his address as Bakersfield California for the purposes of this Bankruptcy Proceeding.

project. Defendant made further representations through attorney/account Machiavelli W. Chao, to Plaintiff, that the bridge loan would be secured by a second trust deed on a home owned by Defendant's business partner Ken Burgess.

21. The representations of Defendant were false. The money was not used for a bridge loan to fund a real estate project, rather it was used to pay the personal expenses of Defendant. There were no proceeds in escrow from a pending self storage real estate project to pay back the loan. There was no second trust deed on Defendant's business partner's home to secure the loan. In fact, the home was not even owned by Defendant's business partner Ken Burgess. And Defendant had no intention or means of paying back the loan.

22. Defendant knew the representations made were false at the time he made them because he did not have a pending real estate project requiring the $200,000.00 investment, and there was no money in escrow from a pending self storage project sale, and there was no second trust deed on the home of Ken Burgess controlled by Defendant such that he could offer it as secure collateral. Further, Defendant had no means of paying back the loan at the time he made the false representations.

23. Defendant made the false representations with the intention and purpose of deceiving Plaintiff so that Plaintiff would transfer the money to his account.

24. Plaintiff justifiably relied on Defendant's false representations because they were made through Defendant's attorney/account Machiavelli W. Chao, who was an active member of the California State Bar in good standing and as such Plaintiff believed he could be trusted.

25. Plaintiff has sustained $200,000.00, plus legal interest, in losses as a direct and proximate result of Defendant's false representations.

26. In so doing the acts, omissions and representations outlined above, Defendant willfully and knowingly falsely represented to Plaintiff Defendant's financial condition and ability to pay his obligations. Defendant obtained money from Plaintiff through false pretenses, false representations and actual fraud upon which Plaintiff reasonably relied.

27. The conduct of Defendant was intentional, fraudulent, deliberate, malicious, oppressive, despicable, motivated by unlawful purposes, and undertaken in conscious disregard of the rights of Plaintiff.

28. The above identified debt constitutes money obtained by fraud or falsehood and is not dischargeable under § 523(a)(2)(A).

## SECOND CLAIM FOR RELIEF
### (11 U.S.C. § 523(a)(2)(B))

29. Plaintiff incorporates herein by reference each and every allegation set forth in paragraphs 1 through 28, inclusive as if fully set forth hereto.

30. Defendant made representations in writing, on or about June of 2007, and caused them to be made or published through attorney/account Machiavelli W. Chao, to Plaintiff, that he needed a bridge loan in the amount of $200,000.00 to fund a real estate project and that the bridge loan would be paid back in three months from proceeds currently in escrow on the pending sale of a self storage real estate project. Defendant made further representations in writing through attorney/account Machiavelli W. Chao, to Plaintiff, that the bridge loan would be secured by a second trust deed on a home owned by Defendant's business partner Ken Burgess.

31. The written representations of Defendant were false. There were no proceeds in escrow from a pending self storage real estate project to pay back the loan. There was no second trust deed on Defendant's business partner's home to secure the loan. And Defendant had no intention or means of paying back the loan.

32. Defendant knew the written representations made were false at the time he made them because there was no money in escrow from a pending self storage project sale, and there was no second trust deed on the home of Ken Burgess controlled by Defendant such that he could offer it as secure collateral. Further, Defendant had no means of paying back the loan at the time he made the false representations.

33. Defendant made the written false representations with the intention and purpose of deceiving Plaintiff so that Plaintiff would transfer the money to his account.

34. Plaintiff justifiably relied on Defendant's written false representations because they were made through Defendant's attorney/account Machiavelli W. Chao, who was an active member of the California State Bar in good standing.

35. Plaintiff has sustained $200,000.00 plus legal interest in losses as a direct and proximate result of Defendant's false representations.

36. In so doing the acts, omissions and representations outlined above, Defendant willfully and knowingly falsely represented to Plaintiff Defendant's financial condition and ability to pay his obligations. Defendant obtained money from Plaintiff through false pretenses, false representations and actual fraud upon which Plaintiff reasonably relied.

37. The conduct of Defendant was intentional, fraudulent, deliberate, malicious, oppressive, despicable, motivated by unlawful purposes, and undertaken in conscious disregard of the rights of Plaintiff.

38. The above identified debt constitutes money obtained by use of a false statement in writing and is not dischargeable under § 523(a)(2)(B).

## **PRAYER**

WHEREFORE, Plaintiff prays as follows:

1. That judgment be entered in favor of Plaintiff for general damages in the sum of $200,000.00 together with interest at a rate of 10% per annum from June 18, 2007 to present; and

2. That the amount of this judgment, plus all interest accrued thereon, and any attorney's fees and costs ultimately incurred in connection with the enforcement of this action and that of the enforcement of the state action, shall be deemed nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A) and §523(a)(2)(B); and

3. For an award of punitive damages in the sum of three times the money obtained by the fraudulent inducement and fraudulent written statements in the amount of $600,000.00, or in the alternative an amount deemed by the court appropriate to punish Defendant and deter others from engaging in similar misconduct and that said award of punitive damages also be deemed nondischargeable; and

4. For cost incurred herein; and

5. For such other and further relief as the Court may deem proper.

DATED: August 14, 2009　　　　　LAW OFFICES OF THOMAS F. NOWLAND

BY: /s/ Thomas F. Nowland
Thomas F. Nowland, Esq.
Craig R. Holiday, Esq.
Attorneys for Plaintiff

- 8 -